**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**JOEL A. PISANO**
JUDGE

CLARKSON S. FISHER BUILDING &
U.S. COURTHOUSE
402 EAST STATE STREET
TRENTON, NJ 08608
(609) 989-0502

**LETTER OPINION**
**ORIGINAL TO BE FILED WITH THE CLERK OF THE COURT**

Re:  **Wayne Epstein, D.P.M, v. Sensory Management Services, LLC., et al, No. 07-2113**

Dear Parties:

    Presently before the Court is a motion by Plaintiff, Wayne Epstein, to remand this matter to state court. For the reasons below, Plaintiff's motion will be granted.

    This action, brought pursuant to the New Jersey Consumer Fraud Act, was originally filed in the Superior Court of New Jersey, Middlesex County, against Sensory Management Services, LLC ("SMS" or "Defendant") and several fictitious defendants. The complaint was filed on September 25, 2006. SMS was served on October 6, 2006. The case proceeded in state court where the parties had taken discovery that included the exchange written discovery as well as the deposition of the plaintiff.

    On December 28, 2006, plaintiff filed an amended complaint naming A. Lee Dellon, M.D. ("Dellon") as a defendant.[1] Plaintiff alleges, and Defendant does not dispute, that Dellon is the sole "owner" of SMS and is also married to SMS's CEO/Marketing Director, who, along with Dellon, is alleged to have made false representations to Plaintiff with respect to the lease of certain medical equipment. Dellon was served with the amended complaint on April 19, 2007, and filed a notice of removal on May 3, 2007, based upon diversity jurisdiction. Plaintiff's motion to remand followed.

    Generally, in cases involving more than one defendant, all defendants must consent to the removal of the action. *See Lewis v. Rego*, 757 F.2d 66, 68 (3d Cir.1985) ("[W]hen there is more than one defendant, all must join in the removal petition."). As each of the parties in this case points out, when an action includes multiple defendants that are served at different times, there is a split of authority with respect to the application of the 30-day removal deadline set forth in 28 U.S.C. § 1446(b). The "first-served" rule, first espoused by the Fifth Circuit, provides that service upon the first of multiple defendants begins the clock on the 30-day removal period in a removable action. Upon expiration of this time period, no defendant may remove an action,

---

    [1]Plaintiff filed a notice of voluntarily dismissal as to Dr. Dellon on May 8, 2007.

regardless of when they are served.  Under this rule, the earlier served defendants are deemed to have waived their ability to consent to removal by failing to exercise their right to remove the case in the first instance.  *E.g.*, *Doe v. Kerwood*, 969 F.2d 165 (5th Cir. 1992); *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254 (5th Cir. 1988).

Under the "later-served" or "last-served" rule, followed by the Sixth and Eighth Circuits, each defendant named in an action is entitled to 30 days after service to remove a matter, if otherwise removable, and the remaining defendants can consent to the removal even if their own removal period had expired.  *E.g.*, *Marano Enterprises v. Z-Techa Restaurants, Inc.*, 254 F.3d 753 (8th Cir. 2001).

The "intermediate rule," which is a variation of the "first-served" rule, provides that "individual defendants have thirty days from the time they are served with process or with a complaint to join in an otherwise valid removal petition."  *McKinney v. Board of Trustees*, 955 F.2d 924, 928 (4th Cir. 1992).  The Plaintiff here argues for application of this intermediate rule.  Neither the Third Circuit nor the Supreme Court has spoken on the applicability of any of these approaches.

*Princeton Running Co. v. Andre Williams*, 2006 WL 2557832 (D.D.C. September 5, 2006) involved facts similar to those presented here.  The initial complaint in *Princeton Running* was filed against Andre Williams in 2003.  The case proceeded in state court, and, based on information obtained through discovery, in 2005 the plaintiff amended its complaint to add Williams's business, Gotta Run LLC, ("Gotta") as a second defendant.  Within thirty days of being served with the amended complaint, Gotta removed the action to federal court.  In addressing a motion to remand, the *Princeton Running* court concluded application of the intermediate rule was appropriate, holding that

> the *McKinney* intermediate rule is the best reasoned interpretation and application of Section 1446(b), as it is both fair to the later-served defendant and less prejudicial to plaintiffs -- without giving the earlier-served defendants an undeserved second bite at the apple. . . . Applying this rule to the instant set of facts, the Court concludes that the notice of removal filed by defendant Gotta Run is untimely. Defendant Williams elected not to file a notice of removal within 30 days, but, instead, to litigate the plaintiff's claims in Superior Court for two years, up to and including the completion of discovery and the setting of a trial date. The later-joined defendant, Gotta Run, LLC, cannot now remove the action, because under the *McKinney* rule, there is no otherwise valid petition for it to join.

2006 WL 2557832 at * 3.

This Court similarly finds that application of the intermediate rule is appropriate in this case.  After it was initially served, SMS elected not to file a notice of removal within the statutory 30-day window.  This matter was pending over seven months in state court prior to Dr.

Dellon filing his notice of removal.  Under the facts of this case, application of the "later-served" rule, which Defendants urge, would simply give SMS "an undeserved second bite at the apple."  *Id*.  Under the intermediate rule, Dellon cannot now remove this action as there is no pending petition that he could join.  Accordingly, this case shall be remanded to the Superior Court of New Jersey.  An appropriate order accompanies this opinion.


Date:   September 12, 2007                                  /s/ JOEL A. PISANO
                                                                                          United States District Judge